1   WO

6   IN THE UNITED STATES DISTRICT COURT

7   FOR THE DISTRICT OF ARIZONA

9   Jill Wiele, an individual,                )    CIV-13-0378-PHX-MHB
                                              )
10              Plaintiffs,                   )    **ORDER**
                                              )
11  vs.                                       )
                                              )
12  Grace Holding Company, LLC, an            )
    Arizona limited liability company and     )
13  GIPHX10, LLC, an Arizona limited          )
    liability company, collectively,          )
14                                            )
                Defendants.                   )
15  _____ )

16          Pending before the Court is Defendant GIPHX10, LLC's ("GIPHX10") Motion for

17  Summary Judgment (Doc. 66) and Plaintiff Jill Wiele's Motion for Summary Judgment (Doc.

18  68). After considering the arguments raised by the parties in their briefing, the Court now

19  issues the following ruling.[1]

20  \\\

21  \\\

22  \\\

23  \\\

24  \\\

---

26  [1] Plaintiff's request for oral argument will be denied because the parties have fully
27  briefed the issues and oral argument will not aid in the Court's decision. See Partridge v.
    Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific
28  Malibu Development Corp., 933 F.2d 724, 729 (9th Cir. 1991).

1

**BACKGROUND**[2]

2  Plaintiff visited Defendant Grace Holding Company, LLC's ("Grace") hotel property

3  on February 4 and 5, 2013.  During her visit, Plaintiff contends that she encountered access

4  barriers that she believes violated the ADA and AzDA.  Plaintiff filed this lawsuit against

5  Grace on February 21, 2013.[3]  (Doc. 1.)  On July 13, 2013, Plaintiff's expert inspected

6  Grace's hotel, and opined that certain areas of the hotel violated the ADA and AzDA.

7  GIPHX10 purchased the hotel from Grace on July 31, 2013.  GIPHX10 claims that

8  immediately after purchasing the hotel, it closed the property for renovations to convert it to

9  a Four Points by Sheraton franchise.  GIPHX10 alleges that the hotel reopened on April 24,

10  2014, after passing inspections by the City of Phoenix, Maricopa County, and the Sheraton

11  franchisor.  Plaintiff filed her Second Amended Complaint to add GIPHX10 on October 9,

12  2013.[4]  (Doc. 33.)  Plaintiff alleges that in May 2014, she checked to see if the hotel had

13  become accessible and encountered missing signage at accessible parking spaces.  The

14  parties filed their cross-motions for summary judgment on June 16, 2014.

15

**STANDARD OF REVIEW**

16  Summary judgment is warranted if the evidence shows there is no genuine issue as

17  to any material fact and the moving party is entitled to judgment as a matter of law.  See

18  Fed.R.Civ.P. 56(a).  The moving party must produce sufficient evidence to persuade the

19  court that there is no genuine issue of material fact.  See Nissan Fire & Marine Ins. Co., Ltd.

20  v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).  Conversely, to defeat a motion for

21  _____

22  [2]  The following facts are derived from Plaintiff's Second Amended Complaint;
23  GIPHX10's Answer to Second Amended Complaint; documents in this Court's record; and
24  the exhibits and attachments supplied with GIPHX10's Statement of Facts, and Plaintiff's
Statement of Facts.

25  [3]  Although the Court only discusses the ADA in the body of this Order, the Court's
26  discussion is equally applicable to the AzDA.  Compliance with Title III and its
implementing regulations equals compliance with the AzDA.  See A.R.S. § 41-1492.06(B).

27  [4]  On July 15, 2014, Plaintiff and Grace filed a Notice of Settlement (Doc. 72), and
28  the Court dismissed Plaintiff's claims against Grace with prejudice on July 17, 2014 (Doc.
74).

summary judgment, the nonmoving party must show that there are genuine issues of material fact.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  A material fact is one that might affect the outcome of the suit under the governing law, and a factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 248.

The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the nonmoving party would bear the burden of persuasion at trial, the moving party may carry its initial burden of production under Rule 56(a) by producing "evidence negating an essential element of the nonmoving party's case," or by showing, "after suitable discovery," that the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial."  Nissan Fire, 210 F.3d at 1105-06; High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir. 1990).

When the moving party has carried its burden under Rule 56(a), the nonmoving party must produce evidence to support its claim or defense by more than simply showing "there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of material fact for trial.  See id.  The nonmoving party's evidence is presumed to be true and all inferences from the evidence are drawn in the light most favorable to the nonmoving party.  See Eisenberg v. Ins. Co. of North America, 815 F.2d 1285, 1289 (9th Cir. 1987).  If the nonmoving party produces direct evidence of a genuine issue of material fact, the motion for summary judgment is denied.  See id.

\\\

\\\

\\\

**DISCUSSION**

GIPHX10 argues that Plaintiff fails to present any evidence or demonstrate any violation against it pursuant to the ADA.  Specifically, GIPHX10 states that the June 13, 2013 inspection was the result of alleged injuries Plaintiff suffered during her February 4 and 5, 2013 visit of the subject property.  GIPHX10, however, contends that it did not own the property until July 31, 2013, and that prior to this – including the time the injuries and inspection occurred – the property was under the ownership of Grace.  Therefore, the alleged injuries resulting from the Plaintiff's February 4 and 5, 2013 visit and the subsequent July 13, 2013 inspection, occurred before GIPHX10 owned and operated the property, closed the property for renovations, and converted the property to a Four Points by Sheraton franchise.

Additionally, GIPHX10 asserts that the only injury to have allegedly occurred while it owned the subject property, happened during Plaintiff's May 2014 visit.  GIPHX10 contends, however, that this fact should not be considered by the Court as it was not disclosed during the discovery period or prior to the filing of Plaintiff's Motion for Summary Judgment.  Even if considered by the Court, GIPHX10 argues that Plaintiff cannot show an injury-in-fact or that removal of the barrier is readily achievable.

Plaintiff argues that even if her injury began during her first visit to the hotel under Grace's ownership, she has standing for a claim for injunctive relief against GIPHX10, as the new owner, for the injury that she will suffer when she returns to the hotel and encounters the same barriers as before.  As for the nondisclosure of information related to Plaintiff's May 2014 visit to the subject property, Plaintiff claims that the failure to disclose was justified and harmless.  Plaintiff states that her May 2014 visit was undertaken without the knowledge of her counsel, who claims that he did not learn of the visit until mid-June, during the drafting of the Motion for Summary Judgment.  In any event, Plaintiff contends that the facts relating to her May 2014 visit to the property add nothing to her argument "given the vast extent of uncontested evidence of barriers on the property."

\\\

\\\

**A.      Plaintiff's Non-Disclosure**

The Court will first address Plaintiff's non-disclosure. GIPHX10 contends that, in her Motion for Summary Judgment, Plaintiff claims for the "very first time that she visited GIPHX10's hotel in May, 2014." GIPHX10 argues that Plaintiff's visit and any allegations or violations arising from her visit were never disclosed to it, and that it had no notice of the visit prior to the filing of Plaintiff's Motion. As such, GIPHX10 claims that Plaintiff has violated Rules 26(a) and (e) of the Federal Rules of Civil Procedure, and said violation is unjustifiable and prejudicial to it.

According to Plaintiff's Motion for Summary Judgment, in May 2014, Plaintiff "checked for improvements to accessibility at the hotel (which was open for business) and encountered and was upset by barriers to accessibility, such as missing signage at accessible parking spaces." In support of this statement, Plaintiff cites to the Declaration of Jill Wiele, which states in pertinent part,

> 6.      In May, 2014, I checked to see if the hotel had become accessible. At the hotel, which was open for business, I again encountered and was upset by accessibility barriers, including missing signage at accessible parking spaces.
>
> 7.      As a result of the barriers, I was and continue to be deterred from fully enjoying the services and goods available at the property. If the barriers are removed, I will return to the property to fully enjoy its goods and services.

(Decl. of Jill Wiele ¶¶ 6, 7). The Declaration is dated June 13, 2014.

The Court notes that the parties, including their respective clients, held a settlement conference on May 28, 2014 – presumably after Plaintiff "checked to see if the hotel had become accessible." The Court also notes that the Declaration complaining about the alleged lack of proper signage that was discovered by Plaintiff during the May 2014 visit constitutes the only evidence of a violation submitted while the property was under GIPHX10's ownership.

A party has a duty to provide initial disclosure of individuals likely to have discoverable information, including the subject of the information, as well as copies of documents and tangible things in the possession or control of the party that may be used to support its claim. See Fed.R.Civ.P. 26(a)(1)(A)(i)-(ii). A party must also supplement the

initial disclosure with any material that "has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1)(A). Any evidence not disclosed pursuant to Rule 26(a) or (e) is inadmissible as evidence on a motion, unless the failure to disclose "was substantially justifiable or is harmless." Fed.R.Civ.P. 37(c)(1).

Plaintiff concedes that the information set forth in her Declaration relating to the May 2014 visit was not disclosed. Plaintiff, however, argues that this failure was justified and harmless stating that Plaintiff's May 2014 visit was taken without the knowledge of Plaintiff's counsel – who allegedly did not learn of the visit until mid-June during the drafting of Plaintiff's Motion for Summary Judgment. Plaintiff seemingly contends that disclosure of the visit and accompanying violations was not required stating the facts surrounding said visit add nothing to her argument given the "vast extent of uncontested evidence of barriers."

As previously stated, Rule 37(c) excuses failure to make required disclosures when the failure was "substantially justified" or "harmless." The party facing sanctions bears the burden of showing that either of these exceptions applies. See Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001)). The Court finds that Plaintiff has not met either burden.

Several courts have held that substantial justification for failure to disclose exists where there is a reasonable dispute as to whether disclosures were required. See Tolerico v. Home Depot, 205 F.R.D. 169, 176 (M.D. Pa. 2002); Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591 (D. N.J. 1997); Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan. 1995). As noted, the Declaration containing statements and evidence regarding the alleged lack of proper signage discovered during the May 2014 visit constitutes the only evidence of a violation submitted while the property was under GIPHX10's ownership. Under the particular circumstances of this case, no reasonable person could have believed that disclosure was not required. Further, the Court is not persuaded by Plaintiff's reasoning that counsel did not find out about the May 2014 visit until the drafting of the Motion for Summary Judgment. According to the pleadings, both Plaintiff and counsel are highly

1   experienced in prosecuting ADA claims.[5]  At a minimum, Plaintiff should have provided

2   some notice of the visit during the May 28, 2014 settlement conference where the all parties,

3   including their respective clients, participated.

4         Moreover, Plaintiff's failure to disclose is clearly harmful.  Plaintiff neglected to

5   disclose the May 2014 visit until she filed her Motion for Summary Judgment.  By waiting

6   to disclose in her Motion, which was filed on the final day for dispositive motions, Plaintiff

7   deprived GIPHX10 of the opportunity to address the assertion and ascertain its accuracy

8   through the discovery process – which is no longer possible.[6]

9         Thus, the Court finds that the May 2014 visit and any violations arising from said visit

10  should have been disclosed, either as initial disclosures under Rule 26(a) or as supplemental

11  disclosures under Rule 26(e).  Plaintiff has failed to carry her burden to demonstrate that the

12  failure to disclose was substantially justified or harmless.

13        Fed.R.Civ.P. 37(c)(1) provides for a variety of sanctions for failure to make required

14  disclosures.  Although the primary sanction is exclusion of improperly disclosed evidence,

15  the rule identifies other sanctions that may be imposed "[i]n addition to or instead of"

16  exclusion.

17        Notwithstanding this range of options, the advisory committee note makes it clear that

18  exclusion is the ordinary remedy.  Exclusion is an "automatic sanction" that ordinarily

19  "provides a strong inducement for disclosure."  Fed.R.Civ.P. 37(c) Advisory Committee

20  Note (1993).  Despite this ordinary effect, the advisory committee recognized that

21  ──────────────

22      [5] The pleadings indicate that this is not Plaintiff's first ADA lawsuit, but that she has
    filed 17 ADA lawsuits, including this case, in this District since 2008.  Similarly, as of 2012,

23  Plaintiff's counsel has "successfully litigated about 100 Title II and III cases involving
    architectural barrier removal," and had filed 115 ADA cases from 2006 to March 2, 2012.

24  See Vesecky v. Wilshire Aspirations, LLC, 2012 WL 715564 n.1 (D. Ariz. 2012) ("Taking
    judicial notice of case filings in the District of Arizona, Phoenix Division, Mr. Don has filed

25  115 ADA cases from 2006 through the present ... .").

26

27      [6] The deadline for completion of all fact discovery was May 7, 2014.  Plaintiff omits
    the exact date she visited the subject property, stating "May, 2014," and effectively bypasses

28  the deadline.  Plaintiff simply includes the visit and related findings in her Declaration and
    Motion for Summary Judgment.

1   "preclusion of evidence is not an effective incentive to compel disclosure of information that,

2   being supportive of the position of the opposing party, might advantageously be concealed

3   by the disclosing party."  Id.  Thus, the alternative sanctions are primarily to be imposed

4   where exclusion would not provide an effective deterrent.  See Southern States Rack &

5   Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003) (citing 7 James Wm.

6   Moore et al., Moore's Federal Practice §§ 37.60[2][b], 37.61 (3d ed.2002)).

7       In this case, the improperly disclosed evidence clearly supports Plaintiff rather than

8   GIPHX10.  Therefore, exclusion of the portion of Plaintiff's Declaration regarding the May

9   2014 visit to the subject property is the appropriate remedy.

10  **B.    The ADA**

11      The ADA prohibits discrimination against any individual on the basis of disability in

12  a place of public accommodation.  See 42 U.S.C. § 12182(a).  "The statute provides a

13  'comprehensive,' 'broad mandate' to eliminate discrimination against disabled persons,

14  addressing both 'outright intentional exclusion' as well as the 'failure to make modifications

15  to existing facilities and practices.'"  Fortyune v. City of Lomita, 2014 WL 4377467, at *2

16  (9th Cir. Sept. 5, 2014).  "The concept of 'discrimination' under the ADA does not extend

17  only to obviously exclusionary conduct-such as a sign stating that persons with disabilities

18  are unwelcome or an obstacle course leading to a store's entrance."  Chapman v. Pier 1

19  Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2001).  "Rather, the ADA proscribes more

20  subtle forms of discrimination-such as difficult-to-navigate restrooms and hard-to-open

21  doors-that interfere with disabled individuals' 'full and equal enjoyment' of places of public

22  accommodation."  Id. (quoting 42 U.S.C. § 12182(a)).  "[A] private plaintiff can sue only for

23  injunctive relief (i.e., for removal of the barrier) under the ADA."  Oliver v. Ralphs Grocery

24  Co., 654 F.3d 903, 905 (9th Cir. 2011).

25      The ADA specifically prohibits any person who owns, leases, or operates a place of

26  public accommodation from "fail[ing] to remove architectural barriers" in existing facilities

27  "where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).

28

1    In the instant matter, although the subject property appears to be an existing one,
2  Plaintiff has failed to provide any evidence or demonstrate that any architectural barriers
3  exist during GIPHX10's ownership of the property or that, if barriers did exist prior to
4  GIPHX10's ownership, GIPHX10 failed to remove them.

5    Specifically, as set forth in the record, Plaintiff alleges a variety of ADA infractions
6  on the premises before it was owned by GIPHX10.  Although GIPHX10 currently owns and
7  operates the property at issue, GIPHX10 has only owned it as of July 31, 2013, and did not
8  open the hotel until April 24, 2014.  The inspection on which Plaintiff supports her claims
9  occurred on July 12, 2013.  This inspection was in response to the alleged injuries from the
10  Plaintiff's stay on the property on February 4, 2013.  It is undisputed that Grace owned the
11  hotel when Plaintiff stayed in February 2013 and when Plaintiff's expert inspected the hotel
12  in July 2013.  Thus, Plaintiff's alleged injuries and the subsequent inspection occurred prior
13  to GIPHX10 owning and operating the property, closing the property, and converting the
14  property to a Four Points by Sheraton franchise.  And, Plaintiff has failed to produce or
15  submit any evidence of a violation occurring during GIPHX10's ownership of the subject
16  property.

17    Accordingly, the Court, finding that Plaintiff has failed to establish that GIPHX10 has
18  subjected her to any discrimination regarding the subject property and, therefore, failed to
19  establish any basis for relief under the ADA, will grant GIPHX10's Motion for Summary
20  Judgment and deny Plaintiff's Motion for Summary Judgment.

21  \\\
22  \\\
23  \\\
24  \\\
25  \\\
26  \\\
27  \\\
28  \\\

1

**CONCLUSION**

2   **IT IS THEREFORE ORDERED** that GIPHX10's Motion for Summary Judgment

3   (Doc. 66) is **GRANTED**;

4   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc.

5   68) is **DENIED**;

6   **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment

7   accordingly.

8   DATED this 22nd day of December, 2014.

9

10

11   Michelle H. Burns
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28